# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2010

No. 09-10068

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ERICKA CULBERSON

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
No. 4:08-CR-136-A

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ericka Culberson pled guilty to one count of unauthorized bank entries, reports, and transactions, in violation of 18 U.S.C. § 1005. She had no prior convictions, resulting in a base Sentencing Guidelines range of zero to six months. However, her pre-sentence report ("PSR") recalculated a hypothetical sentencing range based on Culberson's alleged involvement in a scheme to obtain over twenty fraudulent bank loans from her former employer Bank of America. The intended loss for the substantive offense was $20,000, but the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-10068

intended loss for the bank loan scheme totaled over $1,000,000, resulting in a Guideline range of 37–46 months imprisonment. Based on this alleged conduct, the district court upwardly departed from the base sentencing range and sentenced Culberson to 40 months imprisonment, below the thirty-year maximum that § 1005 permits.

Culberson argues that the district court violated her Sixth Amendment rights when it engaged in fact-finding at sentencing with regard to the alleged bank loan scheme, using these facts as a basis for its decision to depart upwardly in Culberson's sentence. Culberson does not contend that it was improper for the district court to apply the upward departure provisions of U.S.S.G. § 5K2.0 (2001) to her sentence, nor does she contend that the district court's factual findings with regard to the bank loan scheme were not supported by a preponderance of the evidence. Rather, her sole challenge is that her sentence would have been unreasonable *without* the district court's findings in support of the upward departure, and that consequently, those findings had to be made by a jury beyond a reasonable doubt in order for them to support the sentence. We review *de novo* constitutional questions of law. *United States v. Perez-Macias*, 335 F.3d 421, 425 (5th Cir. 2003).

In explaining the changes to Sentencing Guidelines application instituted by *United States v. Booker*, 543 U.S. 220 (2005), we noted:

> *Booker* contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing. The sentencing judge is entitled to find by a preponderance of the evidence all the facts relevant to the determination of a Guideline sentencing range and all facts relevant to the determination of a non-Guidelines sentence.

*United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005) (internal citation omitted); *see also United States v. Whitfield*, 590 F.3d 325, 367 (5th Cir. 2009) (quoting same). In other words, a non-Guidelines sentence within the statutory

maximum is not unreasonable, let alone a violation of the Sixth Amendment, when a district court judge finds facts by a preponderance of the evidence in support thereof.

The district court found the information in the PSR regarding Culberson's prior fraudulent conduct in the bank loan scheme to be true by a preponderance of the evidence and sentenced Culberson within the Guidelines range suggested by that conduct, as permitted by the Guidelines and our precedent. *See* U.S.S.G. § 5K2.0; *Whitfield*, 590 F.3d at 367; *Mares*, 402 F.3d at 519. Culberson was sentenced to 40 months imprisonment, well below the 30-year statutory maximum sentence. *See* 18 U.S.C. § 1005. The district court did not violate Culberson's Sixth Amendment rights in departing upward from her Guidelines sentence, as the resultant sentence was reasonable, based on the facts the district court properly found by a preponderance of the evidence.

AFFIRMED.